The defendant claimed that a proceeding so infused and enveloped by the "atmosphere of a 'Roman Holiday'" precluded a fair trial and could not but deprive him of the due process of law guaranteed by the Fourteenth Amendment of the Constitution. The Supreme Court of Ohio rejected this claim and the defendant then invoked the discretionary power of this Court to review the correctness of its decision. This Court in turn now refuses the defendant the opportunity to bring the case here for review.

Such denial of his petition in no wise implies that this Court approves the decision of the Supreme Court of Ohio. It means and means only that for one reason or another this case did not commend itself to at least four members of the Court as falling within those considerations which should lead this Court to exercise its discretion in reviewing a lower court's decision. For reasons that have often been explained the Court does not give the grounds for denying the petitions for certiorari in the normally more than 1,000 cases each year in which petitions are denied. It has also been explained why not even the positions of the various Justices in such cases are matters of public record. The rare cases in which an individual position is noted leave unillumined the functioning of the certiorari system, and do not reveal the position of all the members of the Court. See *Maryland v. Baltimore Radio Show,* 338 U. S. 912.

No. 418. CITIES SERVICE GAS PRODUCING Co. *v.* FEDERAL POWER COMMISSION. C. A. 10th Cir. Certiorari denied. *Conrad C. Mount, O. R. Stites* and *Robert R. McCracken* for petitioner. *Solicitor General Rankin, Assistant Attorney General Doub, Melvin Richter, Bernard Cedarbaum* and *Willard W. Gatchell* for respondent.